**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-6301**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LEVI YOUNG, a/k/a Kenneth Young,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:21-cr-00871-JFA-8; 3:24-cv-03013-JFA)

─────────────

Submitted:  January 22, 2026                    Decided:  January 29, 2026

─────────────

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Kenneth Levi Young, Appellant Pro Se.  Elizabeth Coble Major, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Levi Young seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion.  In civil actions where the United States is one of the parties, parties are accorded 60 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 27, 2025, and the appeal period expired on March 28, 2025.  Young filed his notice of appeal on March 29, 2025.[*]  As a result, his appeal is untimely.  However, Young filed his notice of appeal within the 30-day excusable neglect period in Rule 4(a)(5).  Additionally, Young stated in the notice of appeal that prison lockdowns and solitary confinement prevented him from timely challenging decisions in these proceedings.  We construe Young's notice of appeal as a motion to extend or reopen the appeal period.

Accordingly, we remand to the district court for the limited purpose of making the necessary factual findings to determine whether Young can show excusable neglect or good cause to extend the appeal period under Rule 4(a)(5), or whether he can satisfy Rule

---

[*] For the purpose of this appeal, we assume that the date Young wrote on the notice of appeal is the earliest date that he could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

4(a)(6)'s requirements warranting reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*